CURTISS *ads.* SEYMOUR.

MOTION to stay proceedings on bail-bond suit. The defendant became bail to the sheriff, on the arrest of one Jones on a capias, returnable at the last May term. Special bail not being put in, the sheriff was ruled to bring in the body, or shew cause, on the first day of the present term, why an attachment should not issue against him. Not shewing cause, the rule for an attachment was granted; upon being notified of which, he gave his note to the plaintiff in the original action, for the amount of his demands, and commenced this suit against the defendant, on the bail-bond. The defendant now applies to be relieved, on the usual terms of putting in special bail in the original action, and paying the costs of the

Bail to the sheriff are entitled to relief on the usual terms, altho' the sheriff, after a rule for attachment, for not bringing in the body, pays the plaintiff's demand.

bail-bond suit ; which is resisted by the sheriff, on the ground that he had become legally fixed with the debt ; that, after a rule for attachment, he was not bound to wait further proceedings against him, but had the right to pay the debt, and seek his indemnity from the bail. Collusion between the sheriff and the plaintiff in the original action was denied.

' *J. A. Collier,* for defendant.

*G. C. Bronson,* for plaintiff.

*By the Court,* SUTHERLAND, J.   This case presents a question of considerable importance in the administration of justice.   The sheriff, on learning that an attachment was ordered against him, satisfies the claims of the plaintiff, and calls on the bail to indemnify him.   Had he been *absolutely* fixed with the payment of the debt, this court would not have interfered ; but he was not so charged.   On being brought in on the attachment, he would have been entitled to relief himself, and shall he be permittrd, by thus voluntarily assuming a debt, to charge the bail ?   It would be monstrous, could the sheriff thus prevent bail from relieving themselves from the responsibility of paying the debt.   There has been no delay ; the capias in the original action was returned at the last term ; the defendant was arrested in the suit on the bail-bond, during the present term, and he applies at the earliest day.   Had the plaintiff taken an assignment of the bail-bond, and sued upon it, instead of the sheriff suing on it in his own name, it would have been a matter of course to have relieved the bail ; and why should the voluntary payment by the sheriff impose responsibilities upon the hail which otherwise would not have existed ?   Notwithstanding that collusion is denied, the court cannot refrain from remarking, that this transaction is suspicious on its face, it not being usual for sheriffs to pay debts in such cases.   The practice is unjustifiable.   The motion of the defendant is granted.   (*See Coleman's Cases,* 63 ; *Dunlap's Pr.* 196 ; 2 *Saund.* 61, *n. f.* ; 4 *T. R.* 352.